UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-62506 (FAM)(LFL)

FREDERICK SIEGMUND, Individually and on
Behalf of All Others Similarly Situated,

                                  Plaintiff,

    v.

XUELIAN BIAN, WEI GUAN,
SIDLEY AUSTIN LLP,
SHANGHAI YINLING ASSET
MANAGEMENT CO., LTD.,
LEADING FIRST CAPITAL LIMITED and
LEADING WORLD CORPORATION,

                                  Defendants.

_____/

**PLAINTIFF'S MOTION TO COMPEL JOSEPH CHAN**
**TO ANSWER QUESTIONS AT DEPOSITION BY ORAL EXAMINATION**

Plaintiff, Frederick Siegmund ("Plaintiff"), by his undersigned counsel, moves pursuant to Rule 37(a)(3)(B)(i) and the Court's General Order on Discovery Objections and Procedures (D.E. 168) for an Order:

    (i) overruling the objections of Defendant Sidley Austin LLP ("Sidley") to Plaintiff's questions directed to Sidley's witness, Joseph Chan ("Chan"), at his deposition;

    (ii) compelling Chan to answer such questions, and

    (iii) compelling Chan to appear for up to two additional hours of deposition for the purpose of asking questions which reasonably follow from Chan's answers.

Two kinds of objections are at issue. *First*, Sidley refused to allow Chan to answer 9 questions because they asked about the meaning of documents in Chinese.[1] That is a patently improper reason for instructing a witness not to answer. *Second*, Sidley refused to allow Chan to answer 25 questions on the grounds of privilege. Each of Sidley's privilege objections is improper for one or more of six separate reasons discussed below.

---

[1] Capitalized terms which are not defined herein have the same meaning as in the First Amended Class Action Complaint (D.E. 60) (the "FAC").

## RELEVANT BACKGROUND

This is a securities class action alleging violations of state and federal law in connection with the Freeze-Out Merger which resulted in the forced sale of all public shareholders' stock in Linkwell Corporation for less than fair value through a tainted process. Plaintiff alleges that Sidley aided and abetted defendants Xuelian and Wei ("X and W") in breaching their fiduciary duty to Linkwell's public shareholders by, among other things, engineering the Freeze-Out Merger as part of a deceptive scheme to enable X and W to avoid liability in the Derivative Action for their prior self-dealing and other misconduct in connection with the 2012 Transaction. *See* FAC ¶ 431 *et seq*.

Chan is a partner at Sidley's office in Shanghai and was the partner in charge of Sidley's engagement in connection with the Freeze-Out Merger.  He appeared for his deposition in New York on June 12, 2018.[2, 3]

## STANDARD FOR RELIEF

As the Court properly noted in its General Order on Discovery Objections and Procedures, "the burden is on the objecting party to demonstrate with specificity how the objected-to request is unreasonable." D.E. 168 at 4 (citing authority).  "Failure to Satisfy this burden will result in entry of an order compelling discovery under Rule 37." *Id*.

## ARGUMENT

**I.     SIDLEY'S OBJECTIONS SHOULD BE OVERRULED**

The 34 objections at issue fall into six groups (Groups A through F).  A table setting forth Sidley's objections by number, group, the location in the deposition transcript and the reason it should be overruled is attached as Exhibit A.  A true and correct copy of Chan's deposition transcript with the relevant portions marked is attached as Exhibit B.

### Group A – Objections 7, 8, 9, 10, 11, 17, 18, 19 and 34

Chan speaks Chinese.  Ex. B at 19-20.  Sidley refused to allow Chan to answer 9 questions because they inquired about the meaning of Chinese writing on documents produced by Sidley.  This was improper for the following reason:

---

[2] X and W's counsel participated in Chan's deposition. Ex. B at 2.  X and W's refusal to appear for their depositions is the subject of motion practice.  *See* D.E. 186.

[3] On July 9, 2018, Plaintiff and Sidley stipulated under Local Rule 21(g) to extend Plaintiff's time to make this motion from the July 12, 2018 to July 19, 2018.

**Reason 1.** Rule 30(c)(2) provides that counsel "may instruct a deponent not to answer *only* when necessary to preserve a privilege, to enforce a limitation by the court, or to present a motion under Rule 30(d)(3)." (emphasis added). None of these circumstances apply to Group A. The rules provide that Sidley note its objections on the record and Chan be allowed to answer subject to Sidley's objections. *See* Rule 30(c)(2). Sidley's objections in Group A were therefore not a proper basis for refusing to allow Chan to answer Plaintiff's questions. Chan should have been allowed to answer the question to the extent was able to.

### Group B – Objections 21, 24, 28 and 31

Sidley's objections in Group B on the basis of privilege should be overruled for either of two separate reasons.

**Reason 2.** The attorney-client privilege attaches only to confidential communications between a client and a client's attorney for the purpose of obtaining or rendering legal advice or assistance. *See, e.g., Maplewood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 582-83 (S.D. Fla. 2013). The privilege belongs solely to the client. *See, e.g., Cox v. Adm'r United States Steel & Carnegie*, 17 F.3d 1386, 1417 (11th Cir. 1994). Accordingly, the only proper circumstances in which Sidley could assert privilege is for questions concerning communications with its own counsel. The privilege for communications between Sidley and Sidley's clients belongs to Sidley's clients and not to Sidley. *Id.* None of the questions relate to Sidley's communications with its counsel in this case. Accordingly, Sidley cannot refuse to answer questions on privilege grounds when the privilege does not belong to Sidley and Sidley's clients did not assert it.

**Reason 3.** Sidley's assertion of privilege should be pierced under the crime-fraud exception, the fiduciary exception and because Sidley has not met its burden of proving that privilege applies. These arguments are fully briefed in Plaintiff's pending Motion to Compel Defendant Sidley Austin LLP to Produce Documents Withheld as Privileged (D.E. 132), which is set for argument on July 23, 2018 and incorporated by reference.

### Group C – Objections 1, 2, 3, 4, 5, 6, 15, 16, 20, 25, 29, 30, 32 and 33

Sidley's objections in Group C on the basis of privilege should be overruled for the same reasons as Group B (*i.e.,* Reasons 2 or 3), or for the further reason below:

**Reason 4.** The attorney-client privilege "*does not protect disclosure of the underlying facts* by those who communicated with the attorney." *Upjohn Co. v. United States*, 449 U.S. 383,

395 (1981) (emphasis added). *See also Dunes v. Empire Indem. Ins. Co.*, 2017 U.S. Dist. LEXIS 218250, at *4-5 (M.D. Fla. Aug. 18, 2017) ("while the attorney-client privilege protects communications made between an attorney and a client, *it does not prevent disclosure of the underlying facts* of such communications") (emphasis added). These objections were improperly asserted with respect to underlying facts and not to the substance of any attorney-client communications.

### Group D – Objections 12, 13, 14 and 27

Sidley's objections in Group D on the basis of privilege should be overruled for the same reasons as Group B (*i.e.,* Reasons 2 or 3) or Group C (*i.e.,* Reason 4), or for the further reason below:

**Reason 5.** These objections purport to assert a privilege objection on behalf of Linkwell. Linkwell was dissolved as of August 6, 2016. Its Articles of Dissolution are attached as Exhibit C. Dissolved corporations have no attorney-client privilege to assert. *See, e.g., In re Fundamental Long Term Care, Inc.,* 2012 Bankr. LEXIS 4843, at *27 (Bankr. M.D. Fla. Oct. 9, 2012) (holding "that a dissolved corporation does not have the right to assert the attorney-client privilege"); *SEC v. Pence*, 2017 U.S. Dist. LEXIS 191408 (S.D. Fla. Nov. 20, 2017) (Moreno, J.) (citing *id.* and other authority).

### Group E – Objections 22 and 26

Sidley's objections in Group E on the basis of privilege should be overruled for the same reasons as Group B (*i.e.,* Reasons 2 or 3) or Group C (*i.e.,* Reason 4), or for the further reason below:

**Reason 6.** Any attorney-client privilege which may have belonged to X and W was waived when they asserted affirmative defenses based on their alleged good faith and reliance upon the advice of counsel. These arguments are fully briefed in Plaintiff's pending Motion for Determination that Defendants Xuelian Bian and Wei Guan Waived Attorney-Client Privilege (D.E. 160), which is set for argument on July 23, 2018 and incorporated by reference.

### Group F – Objection 23

Sidley's objection in Group F on the basis of privilege should be overruled for the following reason:

**Reason 7.** This objection relates to a document which Sidley sought to claw back on the grounds that it was erroneously produced. Plaintiff has challenged Sidley's clawback.

Plaintiff's arguments are fully briefed in Plaintiff's Motion to Compel Sidley Austin LLP to Produce Document Designated as Privileged and Inadvertently Disclosed (D.E. 157), which is set for argument on July 23, 2018 and incorporated by reference.

## CONCLUSION

   For the reasons above, Plaintiff respectfully moves for an Order: (i) overruling Sidley's objections at Chan's deposition, (ii) compelling Chan to answer Plaintiff's questions that Sidley objected to, (iii) compelling Chan to appear for up to two additional hours of deposition for the purpose of asking questions which reasonably follow from Chan's answers, and (iv) granting such other and further relief as the Court deems just and proper.

Dated: July 16, 2018

                **FISCHLER & FRIEDMAN, P.A.**

           By:  /s/ Michael A. Fischler
                Michael A. Fischler
                Attorney Bar Number: 255531
                1000 South Andrews Avenue
                Fort Lauderdale, FL 33316
                (954) 763-5778
                michael@ffpa-law.com

                **WOLF HALDENSTEIN ADLER**
                 **FREEMAN & HERZ LLP**
                Charles J. Hecht
                Daniel W. Krasner
                Malcolm T. Brown
                Daniel Tepper
                270 Madison Avenue
                New York, NY 10016
                (212) 545-4600
                hecht@whafh.com
                krasner@whafh.com
                brown@whafh.com
                tepper@whafh.com

                *Attorneys for Plaintiff*

## **CERTIFICATE OF GOOD FAITH**

Pursuant to Local Rule 7.1(a)(3), I hereby certify that I conferred in good faith with Stephen Warren, counsel to Sidley, by telephone at 10:00 AM on July 13, 2018 in an effort to resolve the issues raised in this motion.  We were unable to do so.

Dated: July 16, 2018

                                            **WOLF HALDENSTEIN ADLER**
                                            **FREEMAN & HERZ LLP**

                By:     /s/ Daniel Tepper
                          Daniel Tepper, *admitted pro hac vice*
                          270 Madison Avenue
                          New York, NY 10016
                          (212) 545-4600
                          tepper@whafh.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 16, 2018, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system thereby causing electronic notice of the same to be provided to all counsel of record.

                                    /s/ Michael A. Fischler, Esq.
                                      Michael A. Fischler
                                      Attorney Bar Number**:** 255531