UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-62506 (FAM)

JULIE SIEGMUND and SETH LIPNER, as
Successor Co-Trustees of THE FREDERICK
SIEGMUND LINKWELL CORP. CLAIMS
LIVING TRUST DATED JULY 31, 2018,
Individually and on Behalf of All Others
Similarly Situated,

          Plaintiffs,

v.

XUELIAN BIAN, WEI GUAN,
SIDLEY AUSTIN LLP, SHANGHAI YINLING
ASSET MANAGEMENT CO., LTD., LEADING
FIRST CAPITAL LIMITED and LEADING
WORLD CORPORATION,

          Defendants.
_____/

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR FAIRNESS HEARING ON FINAL APPROVAL OF SETTLEMENT

Plaintiffs Julie Siegmund and Seth Lipner and Defendants Xuelian Bian, Wei Guan and Sidley Austin LLP have agreed to settle this action on the terms set forth in a Stipulation and Settlement Agreement. Plaintiffs have filed with the Court an Unopposed Motion for Preliminary Approval of Class Settlement, Preliminary Certification of Class, Approval of Form and Manner of Class Notice, and Date for Hearing on Final Approval of Settlement. Upon review of that motion and its exhibits, it is hereby **ORDERED** and **ADJUDGED** as follows:

  1.  **The Settlement.**  The terms and conditions of the Settlement Agreement are hereby incorporated as though fully set forth in this Order and, unless otherwise indicated, capitalized terms in this Order have the meanings ascribed to them in the Settlement Agreement.

  2.  **Preliminary Approval.**  The Court preliminarily approves the Settlement

Agreement as fair, reasonable, and adequate to the Class, subject to further consideration at the Fairness Hearing described below. The Court finds the Settlement Agreement is the product of good-faith, arm's length negotiations between the parties. The Court also finds the Settlement Agreement is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to give notice to the Class and schedule a Fairness Hearing to determine whether to grant final approval of the Settlement and enter a Final Approval Order.

3. **Provisional Certification of Class and Appointment of Class Representative and Class Counsel.** The Court finds for purposes of settlement only that it is appropriate to provisionally certify the following proposed Class under Federal Rule of Civil Procedure 23 for purposes of the Settlement:

> **All persons and entities who owned, either as a record or beneficial owner, one or more shares of Linkwell Corporation common stock as of the close of business on September 19, 2014, who did not vote to approve the Merger between Linkwell and Leading World Corporation, whose shares were canceled as a result of the Merger between Linkwell and Leading World Corporation, and were allegedly damaged thereby.**

Excluded from the Class are Defendants Bian and Guan, Defendant Sidley and its employees and agents, Defendants Shanghai Yinling Asset Management Co., Ltd., Leading First Capital Limited, Leading World Corporation, and their subsidiaries and affiliates, all Linkwell Corporation shareholders who voted to approve the Merger, and all persons who make a timely request to opt-out of the Class.

4. The Court finds for settlement purposes only under Federal Rule of Civil Procedure 23(a) and (b)(3) that;

    a. The Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law and fact common to Class Members;

2

        c.      The claims of the Plaintiffs are typical of the claims of other Class Members;

        d.      Plaintiffs and Plaintiffs' counsel are capable of fairly and adequately protecting the interests of Class Members in connection with the Settlement;

        e.      Common questions of law and fact predominate over individualized issues; and

        f.      Resolution of common issues for Class Members in a single, coordinated proceeding is superior to hundreds of individual lawsuits addressing the same legal and factual issues.

5.      The Court appoints Plaintiffs Julie Siegmund and Seth Lipner as Class Representatives, and Wolf Haldenstein Adler Freeman & Herz LLP as Class Counsel.

6.      **Fairness Hearing.**  The Court will hold a Fairness Hearing on **November 19, 2019 at 2:00 p.m.** in Courtroom 13-3 of the United States Courthouse, Wilkie D. Ferguson, Jr. Building, 400 North Miami Avenue, Miami, Florida 33128, to determine if:

        a.      The proposed Settlement is fair, reasonable, and adequate to the Class, and should be approved by the Court;

        b.      A Final Judgment and Order, substantially in the form attached as Exhibit D to the Settlement Agreement, should be entered dismissing this action with prejudice;

        c.      The proposed Plan of Allocation for the Net Settlement Fund is fair and reasonable and should be approved;

        d.      The motion by Class Counsel for an award of attorneys' fees and expenses should be approved; and

        e.      Class Counsel's request for a Service Award for The Frederick Siegmund Linkwell Corp. Claims Living Trust dated July 31, 2018 (the "Siegmund Trust") should be

approved.

7. The Court may adjourn the Fairness Hearing without further notice to the Class, and may approve the Settlement with such modifications as the parties may agree to, if appropriate, without further notice to Class Members.

8. **Approval of Class Notice and the Claims Process.** The Court approves the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Expenses, and Fairness Hearing, Proof of Claim and Release Form, and Summary Notice of Pendency and Proposed Class Action Settlement, attached to the Settlement Agreement as Exhibits A, A-1, and B.

9. The Court finds that the Notice program described in the Settlement Agreement is the best practicable notice under the circumstances and is reasonably calculated to inform the Class of the pendency of this action, the Settlement terms, certification of the Class, Class Counsel's application for attorneys' fees and expenses, request for a Service Award, and Class Members' rights to opt-out of the Class or object to the Settlement.

10. Class Counsel may retain JND Legal Administration as the Claims Administrator.

11. Notice shall be provided to Class Members as follows:

    a. *Mail Notice*: No later than **August 2, 2019**, the Claims Administrator shall mail the Notice of Pendency and Proof of Claim (the "Notice Packet") via first class mail, post prepaid, to the Class Members who can be identified with reasonable effort;

    b. *Settlement Website*: Contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall post the Notice of Pendency and Proof of Claim on a website (www.linkwellcorpshareholderlitigationsettlement.com), from which copies of the Notice of Pendency and Proof of Claim can be downloaded; and

    c. *Publication Notice*: No later than **August 16, 2019**, the Claims

Administrators shall publish the Summary Notice in *Investor's Business Daily*, *The New York Times (International)*, and *PR Newswire*.

12. **Nominee Procedures.** The Claims Administrator shall use reasonable efforts to give notice to nominees (such as brokerage firms and other persons or entities) who held Linkwell Corporation common stock as of the close of business on September 19, 2014 as record owners but not as beneficial owners. Such nominees shall within 10 business days of receipt of the Notice Packet either: (a) request additional copies of the Notice Packet from the Claims Administrator to forward to all such beneficial owners and within 10 business days of receipt of such copies from the Claims Administrator forward them to all such beneficial owners; or (b) within 10 calendar days of receipt of the Notice Packet, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator, which is ordered to send the Notice Packets promptly to such beneficial owners. Nominees who elect to send the Notice Packets to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the action. Nominees may seek reimbursement of reasonable expenses actually incurred by providing the Claims Administrator with proper documentation.

13. No later than **November 17, 2019**, Class Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

14. **Participation in the Settlement.** Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Proof of Claim in accordance with the instructions contained therein. All Proofs of Claim must be postmarked (if properly addressed and mailed by first class or overnight mail, postage prepaid) or submitted online no later than **February 4, 2020**. Notwithstanding the

foregoing, Class Counsel may, at its discretion, accept for processing late Proofs of Claim provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. Payment of late Proofs of Claim may only be allowed by Order of the Court. By submitting a Proof of Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court.

15. Each Proof of Claim submitted by a Class Member must: (a) be properly completed, signed, and submitted in a timely manner; (b) be accompanied by adequate supporting documentation that must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury; and (c) if the person or entity executing the Proof of Claim is acting in a representative capacity, include a certification of authority to act on behalf of the Class Member.

16. Any Class Member that does not timely submit a valid Proof of Claim will be: (a) deemed to have waived their right to share in the Net Settlement Fund; (b) forever barred from participating in any distributions from the Net Settlement Fund; (c) bound by the Settlement Agreement and all orders in this Action, including the Final Judgment and Order, and the releases provided therein; and (d) barred from pursuing any of the Settled Claims against the Released Parties, as more fully described in the Settlement Agreement.

17. **Exclusion from the Settlement.** Any Class Member who wishes to be excluded from the Settlement must: (a) mail or otherwise deliver a written request for exclusion such that it is received no later than **October 21, 2019** to: *Linkwell Corp. Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91211, Seattle, WA 98111-9311, and (b) include in the written request the following information (i) name, address, and telephone number, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) a statement that such person or entity "requests exclusion from the Class in *Julie*

6

*Siegmund and Seth Lipner as Co-Successor Trustees of The Frederick Siegmund Linkwell Corp. Clams Living Trust dated July 31, 2018 v. Xuelian Bian, et al.,* Civil Action No. 0:16-cv-62506-FAM (S.D. Fla.)"; (iii) the number of shares of Linkwell Corporation common stock that the person or entity requesting exclusion owned as of the close of business on September 19, 2014; and (iv) a signature by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all of the required information and is received within the time stated above, or is otherwise accepted by the Court.

18. Any person or entity that timely and validly requests exclusion from the Class shall not be a Class Member, shall not be bound by the Settlement Agreement or any orders or judgments in this action, and shall not receive any payment out of the Net Settlement Fund.

19. Any Class Member that does not timely and validly request exclusion from the Class will be: (a) deemed to have waived their right to be excluded from the Class; (b) bound by the provisions of the Settlement Agreement and all orders and judgments in this action, including the Final Judgment and Order and the releases provided for therein; and (c) barred from pursuing any of the Settled Claims against any of the Released Parties, as more fully described in the Settlement Agreement and Notice of Pendency.

20. **Appearance and Objections at Fairness Hearing.** Any Class Member that does not request exclusion from the Class may enter an appearance in this action at their own expense by filing with the Clerk of Court and delivering a notice of appearance to counsel for the parties at the addresses below, such that it is received no later than **October 29, 2019**. Any Class Member who does not enter an appearance will be represented by Class Counsel.

**Proposed Class Counsel**
Wolf Haldenstein Adler Freeman & Herz LLP
Charles J. Hecht, Esq.
Daniel W. Krasner, Esq.
270 Madison Avenue
New York, NY 10016

7

**Counsel for Individual Defendants**
Fowler White Burnett, P.A.
Alice K. Sum, Esq.
Brickell Arch
1395 Brickell Avenue, 14th Floor
Miami, FL 33131

**Counsel for Sidley**
Holland & Knight LLP
Tracy A. Nichols, Esq.
701 Brickell Avenue
Suite 3300
Miami, FL 33131

21. Any Class Member who does not request exclusion from the Class may object to the proposed Settlement, the proposed Plan of Allocation, Class Counsel's application for an award of attorneys' fees and expenses, or the proposed Service Award for the Siegmund Trust by filing a written objection with the Court and serving copies of such objection on the parties' counsel at the addresses set forth in the previous paragraph. Written objections must be received by the Court no later than **October 29, 2019**. A written objection must include the following information and documents: (a) the name, address, telephone number and signature of the person or entity objecting; (b) a statement of the Class Member's objection or objections and the specific reasons for each objection, including any legal and evidentiary support; and (c) documents sufficient to prove membership in the Class, including the number of shares of Linkwell Corporation common stock that the objecting Class Member owned as of the close of business on September 19, 2014. Objectors who enter an appearance and desire to present evidence at the Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

22. Any Class Member who does not object in the manner provided herein shall be deemed to have waived their right to object to any aspect of the proposed Settlement, the

8

proposed Plan of Allocation, Class Counsel's application for attorneys' fees and expenses, and the proposed Service Award, and shall be forever barred and foreclosed from objecting.

23. **Stay of Proceedings.** All proceedings in this action, other than proceedings necessary to carry out the Settlement, are hereby stayed.

24. **Settlement Administration Fees and Expenses.** All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Settlement Agreement.

25. **Settlement Fund.** No person who is not a Class Member or Class Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement.

26. All funds held in escrow shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Settlement Agreement.

27. Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation, any application for attorneys' fees or expenses submitted by Class Counsel, or Class Representatives, or any application for a Service Award to the Siegmund Trust, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

28. **Termination of Settlement.** If the Settlement fails to become effective or is terminated, the Settlement Agreement (except as provided in the Settlement Agreement) and this Order shall be vacated without prejudice to any of the parties, and may not be introduced as evidence or used in any actions or proceedings, and the parties will revert to their positions in the action as of February 4, 2019.

29. **Supporting Papers.** Class Counsel shall file papers in support of the Final Approval of Settlement, the Plan of Allocation, Class Counsel's application for an award of

9

attorneys' fees and expenses, and request for a Service Award no later than **October 15, 2019**; and reply papers, if any, shall be filed no later than **November 12, 2019**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of July 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record