UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-cv-62506-FAM-LFL

JULIE SIEGMUND and SETH LIPNER, as
Co-Successor Trustees of THE FREDERICK
SIEGMUND LINKWELL CORP. CLAIMS
LIVING TRUST DATED JULY 31, 2018,
Individually and on Behalf of All Others
Similarly Situated,

Plaintiff,
v.

XUELIAN BIAN et al.,

Defendants.

## FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT AND DISMISSING THE ACTION WITH PREJUDICE

THESE MATTERS have come before the Court to determine whether the proposed Settlement should be finally approved pursuant to the terms set forth in the Stipulation and Settlement Agreement dated as of May 1, 2019 (the "Stipulation"). The Court has considered all of the relevant papers and otherwise is fully informed in the premises, and after holding a Fairness Hearing on November 19, 2019, has determined that the Settlement set forth in the Stipulation should be approved as fair, reasonable, and adequate. The Court hereby enters this Final Judgment and Order, which constitutes a final adjudication of this Action on the merits. Good cause appearing therefore, **IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. The definitions of terms set forth in the Stipulation and in the Preliminary Approval Order entered by this Court on July 12, 2019 (D.E. 300) are hereby incorporated as though fully set forth in this Final Judgment. Any inconsistencies between the terms of the Stipulation and this Final Judgment shall be resolved in favor of the Stipulation.

1

2. This Court has jurisdiction over the subject matter of the Action, over the Class Representatives, the Settling Defendants, and over all Class Members, who are defined as:

> All persons and entities who owned, either as a record or beneficial owner, one or more shares of Linkwell common stock as of the close of business on September 19, 2014, who did not vote to approve the Merger between Linkwell and Leading World Corporation, whose shares were canceled as a result of the Merger between Linkwell and Leading World Corporation, and were allegedly damaged thereby.

Excluded from the Settlement Class are Defendants Xuelian Bian, Wei Guan, Sidley Austin LLP (and its employees or agents), Shanghai Yinling Asset Management Co., Ltd., Leading First Capital Limited and Leading World Corporation and their subsidiaries and affiliates, and all Linkwell shareholders who voted to approve the Merger. Also excluded from the Class are all persons and entities who submitted a valid and timely request to be excluded from the Class pursuant to the terms of the Stipulation and Preliminary Approval Order.

With respect to the Class, the Court finds for purposes of the Settlement only that:

    a. The Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law and fact common to Class Members;

    c. The claims of the Class Representatives are typical of the claims of other Class Members;

    d. Class Representatives and Class Counsel are capable of fairly and adequately protecting the interests of Class Members in connection with the Settlement;

    e. Common questions of law and fact predominate over individualized issues; and

    f. Resolution of common issues for Class Members in a single, coordinated proceeding is superior to hundreds of individual lawsuits addressing the same legal and factual issues.

3. The Notice of Pendency and Summary Notice were previously approved by the Court in the Preliminary Approval Order. The notices, among other things, advised the Class Members of their right to appear and express their views on the fairness of the Settlement at the Fairness Hearing before the Court. The notices also advised Class Members of their right to exclude themselves from the Class. No persons and entities have submitted valid and timely requests for exclusion pursuant to the terms of the Notice.

4. The Court hereby finally approves the Settlement set forth in the Stipulation and finds that the Settlement is in all respects fair, reasonable and adequate to the Class. The Court further finds that the Settlement is the result of arm's length negotiations between experienced counsel representing the interests of the Class and the Settling Defendants, and that it was negotiated with the assistance of an experienced mediator. The Class and the Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

5. The Plan of Allocation is approved as fair and reasonable and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with the terms and provisions of the Stipulation.

6. If, after 6 months from the date of distribution of the Net Settlement Fund (the "Reallocation Date"), there is a balance greater than 2% of the Cash Settlement Amount remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), the Claims Administrator shall reallocate the balance among Authorized Claimants in an equitable and economic fashion, but only to those Authorized Claimants who have cashed their first distribution check and would receive at least $10.00 from the reallocation. Any balance which still remains in the Net Settlement Fund 4 months after the Reallocation Date

(whether any reallocation was necessary) shall be donated to one or more secular non-profit organization(s) qualifying under Internal Revenue Code § 501(c), as designated jointly by Class Counsel and Settling Defendants' Counsel.

7. The Escrow Agent shall continue to serve as such for the Settlement Account, until such time as all funds in the Settlement Account are distributed pursuant to the terms of the Stipulation or further Court Order.

8. This Action and the First Amended Complaint (D.E. 60) are hereby dismissed with prejudice as to all named parties, with each party paying his, her or its costs, except as provided in the Stipulation.

9. Upon the Effective Date, the Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, and assigns, and any other person claiming by, through or on behalf of them, whether or not that Class Member executes and delivers a Proof of Claim or otherwise shares in the Settlement Fund shall: (a) be deemed by operation of law to have released, waived, dismissed and forever discharged each and every Settled Claim, and (b) forever be enjoined from prosecuting, commencing or instituting, either directly or indirectly, whether in the United States or elsewhere, any Settled Claims against any of the Released Parties.

10. Upon the Effective Date of this Settlement, each of the Settling Defendants, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, and assigns, and any other person claiming by, through or on behalf of them, shall be: (a) deemed to have forever and irrevocably released all Inter-Defendant Settled Claims; and (b) be forever enjoined from prosecuting, either directly or indirectly, any Inter-Defendant Settled Claims against any of the other Settling Defendants.

11. All persons and entities (including but not limited to Defendants Shanghai Yinling Asset Management Co. Ltd., Leading First Capital Limited and Leading World Corporation) are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for contribution or indemnification (whether contractual or otherwise) against the Released Parties or any other claim against the Released Parties where the injury to such entity/individual is any person's or entity's actual or threatened liability to the Class Representative or any Class Member, including but not limited to any amounts paid in settlement of such actual or threatened liability, or any other costs or expenses (including attorneys' fees) incurred in connection with this Action. The Released Parties are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim for contribution or indemnification (whether contractual or otherwise) against Defendants Shanghai Yinling Asset Management Co. Ltd., Leading First Capital Limited and Leading World Corporation or any other claim against the Defendants Shanghai Yinling Asset Management Co. Ltd., Leading First Capital Limited and Leading World Corporation where the injury to the Released Parties is any person's or entity's actual or threatened liability to the Class Representatives or Class Members, including but not limited to any amounts paid in settlement of such actual or threatened liability, or any other costs or expenses (including attorneys' fees) incurred in connection with this Action.

12. The notice given to the Class was the best notice practicable under the circumstances, consisting of individual Notice mailed to all Class Members who could be identified through reasonable efforts, as well as a Summary Notice published to all others. The notices provided due and adequate notice of these proceedings, including the Settlement, to all persons entitled to such notice, and fully satisfied the requirements of Rule 23 of the Federal

Rules of Civil Procedure and the requirements of due process. The Court hereby finds that all persons and entities who are Class Members were provided a full and fair opportunity to be heard with respect to the foregoing matters. Thus, it is hereby determined that all Class Members who did not timely and properly elect to exclude themselves by written communication postmarked or otherwise delivered on or before the date set forth in the Preliminary Approval Order, are bound by this Final Judgment.

13. Neither this Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Released Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact asserted in this Action or the validity of any claim that had been or could have been asserted in this Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Released Parties;

(b) offered or received against the Released Parties or against any Class Member as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Parties may refer to the Stipulation to effectuate the liability protection granted them thereunder;

or

(c) construed against the Released Parties or any Class Member as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

14. Class Counsel are hereby awarded $2,000,000, which consists of $33^{1/3}\%$ of the Settlement Fund in fees. The Court finds the amount of fees to be fair and reasonable. The Court also awards $407,846.77 in reimbursement of expenses, which shall be paid to Class Counsel from the Settlement Fund.

15. In addition to whatever claim it may have to the Settlement Fund as a Class Member, The Frederick Siegmund Linkwell Corp. Claims Living Trust dated July 31, 2018 is awarded $15,000 out of the Settlement Fund for the service of Frederick Siegmund, who served as the Plaintiff in this Action.

16. In making this award of Counsel Fees and Expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) the Settlement has resulted in the creation of the Settlement Amount of $6,000,000 that is already on deposit, and that numerous Class Members who submit valid Proofs of Claim will benefit from the Settlement achieved by Class Counsel;

(b) the Notice that was distributed to putative Class Members explained that Class Counsel was moving for attorneys' fees in an amount not to exceed 35% of the Settlement Fund and for reimbursement of actual expenses, and zero objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses to be requested as disclosed in the Notice;

(c) Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) the Action involves complex legal and factual issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of these complex issues;

(e) had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from the Settling Defendants; and

(f) the amount of Counsel Fees and Expenses reimbursed from the Settlement Fund is fair and reasonable and consistent with awards in similar cases.

17. This Final Judgment incorporates all terms and provisions of the Stipulation. Without affecting the finality of this Final Judgment in any way, this Court hereby retains exclusive jurisdiction over all matters relating to the administration, consummation and enforcement of the Settlement.

18. The Court finds that, pursuant to the Class Action Fairness Act of 2005, the Settling Defendants provided timely and adequate notice of this Settlement to the appropriate state and federal officials.

19. If the Settlement is terminated pursuant to the Stipulation, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; (b) the fact of the Settlement shall not be admissible in any trial of this Action and the Plaintiffs and the Defendants shall be deemed to

have reverted to their respective statuses in this Action as of February 4, 2019; and (c) any portion of the Cash Settlement Amount previously paid or caused to be paid by Settling Defendants, including, but not limited to, any funds disbursed in payment of litigation expenses and attorneys' fees, together with any interest actually earned or gains thereon, less any amounts for Taxes paid or owing with respect to such interest income and/or gains and/or for Notification Costs and Administration Expenses actually incurred and paid or payable, shall be returned by the Escrow Agent and/or Class Counsel, as applicable, to the Settling Defendants within seven business days after written notification of such event by Settling Defendants, as specified in the Stipulation.

20.  Without further order of the Court, the parties to the Stipulation may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21.  There is no just reason for delay in the entry of this Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

DONE AND ORDERED in chambers in Miami, Florida on this ___ day of November, 2019.

THE HONORABLE FEDERICO MORENO
UNITED STATES DISTRICT JUDGE

Copies Provided:
Counsel of Record